JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

PARADIGM INSURANCE COMPANY

## DEFENDANTS

AK'S SPORTS PUB, INC., AK'S SPORTS, INC. d/b/a AK'S SPORTS PUB, ARTURO KALIFA d/b/a AK'S PUB and LEO KALIFA d/b/a AK'S SPORTS PUB

(b) County of Residence of First  Commonwealth of Kentucky
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Cameron County, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory R. Ave
Touchstone, Bernays, Johnston, Beall & Smith
4700 Renaissance Tower, 1201 Elm Street
Dallas, Texas 75270
Phone (214) 741-1166  Fax (214) 741-7548

Attorneys (If Known)

B - 00 - 175

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | X 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | X 2 | ☐ 2 | Incorporated and Principal of Business In Another State | X 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| X 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Declaratory judgment action brought under 28 U.S.C. §2201 and based on diversity jurisdiction 28 U.S.C. §1332.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  X No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 11/13/00

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PARADIGM INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. B-00-175 |
| AK'S SPORTS PUB, INC., AK'S SPORTS, | § | |
| INC., d/b/a AK'S SPORTS PUB, | § | |
| ARTURO KALIFA, d/b/a AK'S SPORTS | § | |
| PUB, and LEO KALIFA, d/b/a AK'S | § | |
| SPORTS PUB, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Paradigm Insurance Company ("Paradigm"), and files this its Original Complaint, pursuant to Federal Rule of Civil Procedure 57, 28 U.S.C. § 2201, and Texas Civil Practice and Remedies Code §37.001, *et seq.*, against Defendants AK'S Sports Pub, Inc., AK's Sports, Inc., d/b/a AK's Sports Pub, Arturo Kalifa, d/b/a AK's Sports Pub, and Leo Kalifa, d/b/a AK's Sports Pub (collectively referred to herein as "AK's Sports Pub"), and would show the Court as follows:

### PARTIES

1.   Paradigm is a foreign insurance company organized and existing under the laws of the State of Indiana, with its principal place of business in the Commonwealth of Kentucky.

2.   AK's Sports Pub, Inc. is a domestic corporation organized and existing under the laws of the State of Texas, with its principal place of business in Cameron County, Texas. Paradigm requests Summons be issued in this action to AK's Sports Pub, Inc., which may be served through

PLAINTIFF'S ORIGINAL COMPLAINT - Page 1

its registered agent for service of process, Roberto M. Garcia, 214 West Cano, Edinburg, Cameron County, Texas 78539.

3. Arturo Kalifa is an individual who may be served at 216 Ed Carey Drive, #1, Harlingen, Cameron County, Texas 78550.

4. Leo Kalifa is an individual who may be served at 216 Ed Carey Drive, #1, Harlingen, Cameron County, Texas 78550.

## JURISDICTION AND VENUE

5. Jurisdiction over the subject matter of and the parties to this action is proper pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332. The relief sought is declaratory in nature and involves a matter in controversy in excess of $75,000.00, exclusive of interest and costs. There is also complete diversity of citizenship among the parties.

6. Venue is proper in this district and division, pursuant to 28 U.S.C. §1391(a).

## NATURE OF ACTION

7. This is an insurance coverage dispute. By its action, Paradigm seeks a declaration that it has no duty to defend or indemnify AK's Sports Pub in a civil action presently pending against it in Cameron County, Texas. Paradigm seeks a determination of its rights and obligations pursuant to a policy of liability insurance it issued to "AK'S SPORTS PUB."

A. <u>Underlying Litigation</u>

8. AK's Sports Pub is a defendant in cause number 2000-09-003927-D, styled *Shaun Levein v. Arturo Kalifa, Individually and d/b/a AK's Sports Pub, et al.*, in the 103rd Judicial District Court of Cameron County, Texas ("the *Levein* suit"). The factual allegations set forth in the *Levein* suit provide:

PLAINTIFF'S ORIGINAL COMPLAINT - Page 2

> On or about September 29, 1998, Plaintiff **SHAUN LEVEIN** went with others to **AK'S SPORTS PUB** in Harlingen, Texas. At closing time, approximately 2:00 a.m. September 30, 1998, Plaintiff **SHAUN LEVEIN** walked outside the bar. As Plaintiff exited the bar, he was suddenly and unexpectedly struck with a beer bottle and viciously attacked by Defendants **Selvin Rolando Garcia and Alvarado D. Garcia**. The attack was so vicious in nature that Plaintiff was left with severe and disabling injuries to his face, neck, back, and body in general. Defendants **Selvin Rolando Garcia and Alvarado D. Garcia** assault on Plaintiff was unnecessary and was done knowingly, recklessly, and maliciously with the intent of causing bodily injury to Plaintiff. [Emphasis original.]

9. The *Levein* suit goes on to allege a AK's Sports Pub was negligent in failing to prevent attacks on customers, failing to adequately train its security personnel, failing to provide adequate security services for customers, failing to provide proper security and security devices to protect its customers, allowing persons known to be vicious and dangerous to frequent its premises, allowing patrons to leave the premises with alcoholic beverages, and failing to properly supervise its customers. Finally, the *Levein* suit alleges AK's Sports Pub was negligent in serving alcohol to an intoxicated person.

B. <u>Relevant Insurance Policy at Issue</u>

10. Paradigm issued Hospitality Package Policy number 484043 to "AK'S SPORTS PUB" effective October 29, 1997, to October 29, 1998 ("the policy"). The policy provides, *inter alia*, commercial general liability coverage, subject to the its terms, conditions, and limitations. More specifically, the policy's liability coverage is subject to its "Assault and Battery" exclusion. In this regard, the policy provides:

> Coverage A Insurance [for bodily injury and property damage] **DOES NOT APPLY** to and the Company shall not have a duty to defend any Claim for the following:
>
> \*         \*         \*

1. **Assault and Battery**

   Directly or indirectly based on, arising out of or in any way related to actual or alleged civil or criminal assault or battery, whether provoked or unprovoked, committed by any person whatsoever (including but not limited to the Insure and the Insured's employees, agents, customers and patrons) against any other person whatsoever. The Company shall not have a duty to defend any Suit where any allegation is made based upon, arising out of, or in any way related to "assault or battery." The Company shall not have a duty to defend such a Suit, regardless of whether Claims are made in the Suit to which any PART A Coverages may apply, in addition to Claims specifically excluded by this subparagraph (1). As used above, the term "assault or battery" shall include, but is not limited to, allegations against the Insured for the actual or alleged:

   (i) negligent hiring, supervision, retention, or training of any person, including, but not limited to, any incident arising out of the failure by the Insured, the Insured's executive officers, employees, leased workers or temporary workers, or by any other person to properly hire, train, supervise, retain or control any of the Insured's executive officers, employees, leased workers or temporary workers, patrons, customers or any other person;

   (ii) failure to suppress or prevent any assault or battery of any person:

   (A) on Premises owned or rented by the Insured;
   (B) on ways next to Premises owned or rented by the Insured; or
   (C) any off-Premises activities of the Insured;

   (iii) failure to provide an environment safe from any such act or acts, or failure to adequately warn against the dangers of an environment which could contribute to the commission of such act or acts.

   (iv) use of any force (whether reasonable or unreasonable) to protect persons or property;

   (v) failure to provide any alarm system, locks, lighting, fencing, guards, police protection, private security personnel or any other form of equipment, monitoring system or personnel, for the purpose of protecting any person or property from any assault, battery, physical or mental threat of harm, or actual or

    alleged criminal act of any kind whatsoever or any failure to provide adequate security, regardless of how styled; or

 (vi) negligence causing harm or any Bodily Injury, Property Injury, or Damages in any way related to any Occurrence involving an assault or battery.

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

11. The *Levein* suit alleges that as Shaun Levein ("Levein") left AK's Sports Pub in the early morning hours of on September 30, 1998, he was struck by a beer bottle and viciously attacked by Selvin Rolando Garcia and Alvarado D. Garcia ("the Garcias"). According to the *Levein* suit's factual allegations, the Garcias' assault was intentionally and maliciously designed to injure Levein. The *Levein* suit goes on to contend AK's Sports Pub was negligent with respect the security it provided and in serving alcohol to an intoxicated person.

12. Pursuant to 28 U.S.C. 2201 and Texas Civil & Practices Remedies Code § 37.001, *et seq.*, Paradigm seeks a declaration from this Court that it has no duty to defend or indemnify AK's Sports Pub in or as to the *Levein* suit based upon the application of the assault and battery exclusion contained in the policy. Paradigm seeks such a declaration because the *Levein* suit seeks to impose liability against AK's Sports Pub based on and arising directly or indirectly out of the Garcias' purported assault on Levein as he left the bar.

## RECOVERY OF ATTORNEYS' FEES

13. Pursuant to Texas Civil Practice & Remedies Code §§ 37.009 and 38.001(8), Paradigm seeks and is entitled to recover its attorneys' fees and costs associated with the prosecution of this action against AK's Sports Pub. Therefore, in the event Paradigm prevails in this declaratory judgment action, Paradigm prays that after presenting proof thereon, it recover all reasonable and necessary attorneys' fees and costs associated with bringing and prosecuting this action.

PLAINTIFF'S ORIGINAL COMPLAINT - Page 5

WHEREFORE, PREMISES CONSIDERED, Plaintiff Paradigm Insurance Company prays that summons be issued to Defendants AK'S Sports Pub, Inc., AK's Sports, Inc., d/b/a AK's Sports Pub, Arturo Kalifa, d/b/a AK's Sports Pub, and Leo Kalifa, d/b/a AK's Sports Pub and upon trial herein, that Plaintiff Paradigm Insurance Company recover a judgment against Defendant Zata, Inc. d/b/a AK's Sports Pub awarding it:

1. A declaration that Plaintiff Paradigm Insurance Company has no duty to defend Defendants AK's Sports Pub, Inc., AK's Sports, Inc., d/b/a AK's Sports Pub, Arturo Kalifa, d/b/a AK's Sports Pub, and Leo Kalifa, d/b/a AK's Sports Pub in cause number 2000-09-003927-D, styled *Shaun Levein v. Arturo Kalifa, Individually and d/b/a AK's Sports Pub, et al.*, in the 103rd Judicial District Court of Cameron County, Texas;

2. A declaration that Plaintiff Paradigm Insurance Company has no duty to indemnify Defendants AK'S Sports Pub, Inc., AK's Sports, Inc., d/b/a AK's Sports Pub, Arturo Kalifa, d/b/a AK's Sports Pub, and Leo Kalifa, d/b/a AK's Sports Pub in or as to cause number 2000-09-003927-D, styled *Shaun Levein v. Arturo Kalifa, Individually and d/b/a AK's Sports Pub, et al.*, in the 103rd Judicial District Court of Cameron County, Texas;

3. Attorneys' fees and costs associated with the prosecution of the instant action; and

4. All other relief to which Plaintiff Paradigm Insurance Company is entitled.

Respectfully submitted,

TOUCHSTONE, BERNAYS, JOHNSTON, BEALL & SMITH, L.L.P.

_____
Gregory R. Ave
State Bar No. 01448900
4700 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2196
Facsimile No. (214) 741-7548
Telephone (214) 741-1166

ATTORNEYS FOR PLAINTIFF PARADIGM INSURANCE COMPANY

PLAINTIFF'S ORIGINAL COMPLAINT - Page 6

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## Northern District of Texas

PARADIGM INSURANCE COMPANY

V.

AK'S SPORTS PUB, INC., AK'S SPORTS INC. d/b/a AK'S SPORTS PUB, ARTURO KALIFA d/b/a AK'S SPORTS PUB and LEO KALIFA d/b/a AK'S SPORTS PUB

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-00-175

TO: (Name and address of Defendant)

LEO KALIFA
d/b/a AK'S SPORTS PUB
216 Ed Carey Drive, No. 1
Harlingen (Cameron County), Texas 78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gregory R. Ave, Esq.
TOUCHSTONE, BERNAYS, JOHNSTON, BEALL & SMITH, L.L.P.
4700 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

an answer to the complaint which is herewith served upon you, within __TWENTY(20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

CLERK

(By) DEPUTY CLERK

DATE November 14, 2000

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## Northern District of Texas

PARADIGM INSURANCE COMPANY

V.

AK'S SPORTS PUB, INC., AK'S SPORTS INC. d/b/a AK'S SPORTS PUB, ARTURO KALIFA d/b/a AK'S SPORTS PUB and LEO KALIFA d/b/a AK'S SPORTS PUB

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-00-175

TO: (Name and address of Defendant)

AK'S SPORTS PUB, INC.
c/o Roberto M. Garcia
214 West Cano
Edinburg (Cameron County), Texas 78539

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gregory R. Ave, Esq.
TOUCHSTONE, BERNAYS, JOHNSTON, BEALL & SMITH, L.L.P.
4700 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

an answer to the complaint which is herewith served upon you, within ___TWENTY(20)___ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

November 14, 2000

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## Northern District of Texas

PARADIGM INSURANCE COMPANY

V.

AK'S SPORTS PUB, INC., AK'S SPORTS
INC. d/b/a AK'S SPORTS PUB,
ARTURO KALIFA d/b/a AK'S SPORTS
PUB and LEO KALIFA d/b/a
AK'S SPORTS PUB

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-00-175

TO: (Name and address of Defendant)

AK'S SPORTS, INC. d/b/a AK'S SPORTS PUB
c/o Roberto M. Garcia
214 West Cano
Edinburg (Cameron County), Texas 78539

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gregory R. Ave, Esq.
TOUCHSTONE, BERNAYS, JOHNSTON, BEALL & SMITH, L.L.P.
4700 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

an answer to the complaint which is herewith served upon you, within ___TWENTY(20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

_____
CLERK

(By) DEPUTY CLERK

November 14, 2000
_____
DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## Northern District of Texas

PARADIGM INSURANCE COMPANY

V.

AK'S SPORTS PUB, INC., AK'S SPORTS INC. d/b/a AK'S SPORTS PUB, ARTURO KALIFA d/b/a AK'S SPORTS PUB and LEO KALIFA d/b/a AK'S SPORTS PUB

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-00-175

TO: (Name and address of Defendant)

ARTURO KALIFA
d/b/a AK'S SPORTS PUB
216 Ed Carey Drive, No. 1
Harlingen (Cameron County), Texas 78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gregory R. Ave, Esq.
TOUCHSTONE, BERNAYS, JOHNSTON, BEALL & SMITH, L.L.P.
4700 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

an answer to the complaint which is herewith served upon you, within ___TWENTY(20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

CLERK

_(signature)_
(By) DEPUTY CLERK

DATE: November 14, 2000