# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 8 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PARADIGM INSURANCE COMPANY,<br>Plaintiff,<br><br>V.<br><br>AK'S SPORTS PUB, INC., AK'S SPORTS,<br>INC., d/b/a AK'S SPORTS PUB,<br>ARTURO KALIFA, d/b/a AK'S SPORTS<br>PUB, and LEO KALIFA, d/b/a AK'S<br>SPORTS PUB,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. B-00-175 |

## DEFENDANTS' ORIGINAL ANSWER

DEFENDANTS AK'S SPORTS PUB, INC., AK'S SPORTS, INC., d/b/a AK'S SPORTS PUB, ARTURO KALIFA, d/b/a AK'S SPORTS PUB, and LEO KALIFA, d/b/a AK'S SPORTS PUB file this original answer to Plaintiff PARADIGM INSURANCE COMPANY'S original complaint.

### A. Admissions & Denials

1.　With regard to paragraph 1 of plaintiff's original complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

2.　With regard to paragraph 2 of plaintiff's original complaint, Defendants admits all allegations therein except the allegation that AK's Sports Pub, Inc. has its principal place of business in Cameron County, Texas which is denied.

3.　With regard to paragraph 3 of plaintiff's original complaint, Defendants admit the allegations therein.

1

4. With regard to paragraph 4 of plaintiff's original complaint, Defendants admit the allegations therein.

5. With regard to paragraph 1 of plaintiff's original complaint, Defendants deny that jurisdiction is proper pursuant to 28 U.S.C. § 2201 in that no actual justiciable controversy exists between Plaintiff and Defendants.

6. With regard to paragraph 6 of plaintiff's original complaint, Defendants admit that venue is proper.

7. With regard to paragraph 7 of plaintiff's original complaint, Defendants deny that there is an insurance coverage dispute. Defendants further deny that Plaintiff is entitled to a declaration and determination of its rights as requested.

8. With regard to paragraph 8 of plaintiff's original complaint, Defendants admit all of the allegations therein.

9. With regard to paragraph 9 of plaintiff's original complaint, Defendants admit all of the allegations therein.

10. With regard to paragraph 10 of plaintiff's original complaint, Defendants admit all of the allegations therein.

11. With regard to paragraph 11 of plaintiff's original complaint, Defendants admit all of the allegations therein.

12. With regard to paragraph 12 of plaintiff's original complaint, Defendants deny that Plaintiff is entitled to a declaration from this Court pursuant to 28 U.S.C. 2201 and Texas Civil & Practice Remedies Code § 37.001 in that no insurance dispute (actual controversy) exists between Plaintiff and Defendants in that coverage has neither been denied by Plaintiff or demanded by Defendants.

ClibPDF - www.fastio.com

13. With regard to paragraph 13 of plaintiff's original complaint, Defendants deny that Plaintiff is entitled to recover its attorney's fees and costs associated with the prosecution of this action.

14. Defendants further deny that Plaintiff is entitled to the relief it requests in paragraphs 1, 2, 3, and 4 of its prayer.

## B. Affirmative Defenses

15. Defendant AK's Sports Pub, Inc. is not liable in the capacity in which it has been sued in that AK'S Sports Pub is a sole proprietorship owned and operated by Arturo Kalifa, d/b/a AK'S Sports Pub.

16. Defendant AK's Sports, Inc. is not liable in the capacity in which it has been sued in that AK'S Sports Pub is a sole proprietorship owned and operated by Arturo Kalifa, d/b/a AK'S Sports Pub.

17. Defendant Leo Kalifa is not liable in the capacity in which he has been sued in that AK'S Sports Pub is a sole proprietorship owned and operated by Arturo Kalifa, d/b/a AK'S Sports Pub.

18. Plaintiff is estopped from asserting the claims set forth in its original complaint because no actual controversy exists between Plaintiff and Defendants in that Defendants have never made demand for defense and/or indemnity from the Plaintiff in Cause No. 2000-09-003927-D, styled *Shaun Levein v. Arturo Kalifa, Individually and d/b/a AK's Sports Put, et al.*, in the 103rd Judicial District Court of Cameron County, Texas. Further, Defendants have never received any notice of denial of coverage in the *Levein* case which which has been disputed such as to create a justiciable controversy as to the rights and

3

obligations of Plaintiff to defend and indemnify Defendants.

19. Plaintiff has failed to state claims on which relief can be granted.

## C. Conditions Precedent

20. Defendants deny that plaintiff has performed all conditions precedent that is was required to perform before filing suit.

## D. Prayer

21. Because of the above and foregoing, Defendants ask the Court to enter judgment for the following:

a. that plaintiff take nothing;

b. denying plaintiff's requests for declaratory relief;

c. dismissing plaintiff's suit with prejudice;

d. assessing costs against plaintiff;

e. awarding defendants attorney fees; and

g. all other relief to which defendants are entitled.

Respectfully submitted,

_____
Roberto M. Garcia (Attorney in Charge)
State Bar Number 07645500

_____
Francisco J. Prado, Jr.
State Bar Number 00794483
GARCIA, LOPEZ & WOOD
214 W. Cano
Edinburg, Texas 78539
976-383-0158
976-380-0113 (fax)
Attorneys for Defendants

4

5

## CERTIFICATE OF SERVICE

I certify that a copy of defendants' original answer was mailed on January 8, 2001 by certified mail and sent by facsimile transmission to the attorney in charge for plaintiff:

Gregory R. Ave
Touchstone, Bernays, Johnston,
Beall & Smith, L.L.P.
4700 Renaissance Tower
1201 Elm Street
Dallas, TX 75270-2196

_____
Roberto M. Garcia

5